**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    CASE NO. 3:17-cr-225-J-32MCR

HERACLIO GUTIERREZ

_____

# O R D E R

This case is before the Court on Defendant Heraclio Gutierrez's Motion to Suppress Evidence, Observations and Statements. (Doc. 43). The Government responded in opposition, (Doc. 51), and on July 9, 2018, United States Magistrate Judge Monte C. Richardson held an evidentiary hearing on the motion, (Docs. 89, 91). On August 30, 2018, Judge Richardson issued a Report and Recommendation recommending that the Motion to Suppress be denied in its entirety. (Doc. 108). Gutierrez filed objections to the Report and Recommendation, (Doc. 110), which were subsequently amended, (Doc. 111). After review, the Court requested that the Government file a response to Gutierrez's objections, addressing four specific questions. (Doc. 119). The Government filed its response, (Doc. 126), and Gutierrez replied, (Doc. 135).

Although the Court agrees with the Magistrate Judge's recommendations, one issue, raised for the first time at the hearing, warrants discussion. Although not stated in his original Motion to Suppress, (Doc. 43),

Gutierrez, at the hearing and in his objections, raised concerns about the jurisdiction of the state court judges to issue the "Ping" warrants. (Doc. 111 at 3).[1]

During the investigation of Gutierrez's case, DEA Task Force Officer Hague applied for two separate Ping Orders to attach an "E-911 Locator Device" to track the location of a phone number attributed to Gutierrez. (Docs. 51-1; 51-2). Each Ping Order spanned a thirty-day period, the first from August 23, 2017 through September 22, 2017, and the second from September 22, 2017 through October 22, 2017. Id. Both Ping Orders were approved by Florida Fourth Judicial Circuit Court Judges. Id. The applications state that the Ping Orders are necessary to track Defendant's movements as he is "en-route" to Jacksonville. (Doc. 51-1 at 1).

Gutierrez argues that the Florida circuit court judges did not have the authority to issue the Ping Orders for Pings outside of Florida, (Doc. 111 at 3–4 (citing Fed. R. Crim. P. 41(b)(1) & (e)(2)(C))), and that neither the phone company nor Gutierrez were within Florida at the time the warrants were issued, (Docs. 111 at 4; 135 at 2). Judge Richardson concluded that the Stored Communications Act, 18 U.S.C. § 2703, et seq. ("SCA"), grants broader

---

[1] Gutierrez's objections do not contain a single citation to record evidence or case law. The citations in the objections are to the Federal Rules of Criminal Procedure.

geographic authority to issue warrants compelling production of information from providers of electronic communication services. (Doc. 108 at 16); see also 18 U.S.C. § 2703(c). In a footnote, Judge Richardson stated that even if the warrants were improperly issued, the good faith exception to the exclusionary rule would apply. (Doc. 108 at 17 n.9 (citing United States v. Leon, 468 U.S. 897, 913 (1984))).

It is an open question whether prospective or real-time location information from a cell service provider falls under the Stored Communications Act, or if such information constitutes a "tracking device." See, e.g., Carpenter v. United States, 138 S. Ct. 2206, 2216–17 (2018) (explaining the similarities between historical cell site location information ("CSLI") and GPS trackers); In re Application of U.S. for an Order Authorizing Disclosure of Location Info. of a Specified Wireless Tel., 849 F. Supp. 2d 526, 577 (D. Md. 2011) ("[C]ell phones, to the extent that they provide prospective, real time location information, regardless of the specificity of that location information, are tracking devices. Thus, a cell phone's prospective, real time location data—whether cell site or GPS—is a communication from a tracking device that is excluded from coverage under the [SCA]"); In re Application of U.S. for an Order Authorizing Use of a Pen Register with Caller Identification Device Cell Site Location Auth. on a Cellular Tel., 2009 WL 159187, at *3 (S.D.N.Y. Jan. 13, 2009) (explaining that CSLI information transforms a cell phone into a tracking device, which excludes

it from the purview of the SCA). But see, e.g., In re Smartphone Geolocation Data Application, 977 F. Supp. 2d 129, 150 (E.D.N.Y. 2013) ("[C]onstruing 'tracking device' to encompass a cell phone is simply illogical and unworkable in this context."). Both Federal and Florida rules and statutes require that tracking devices be installed within the jurisdiction of the court issuing the authorization. See Fed. R. Civ. P. 41(b)(4); § 934.42, Fla. Stat. (2017).

Additionally, even if real-time location information is not a tracking device and falls under the SCA, it is unclear whether a state court judge can issue a warrant for such information outside of their state. See 18 U.S.C. § 2703(c)(A). The SCA states that a government entity may require disclosure by a communication service provider by obtaining a warrant from "a court of competent jurisdiction" and "issued using State warrant procedures." Id. Florida statute § 934.23(4), Florida's equivalent to the SCA, also states that a government entity can compel disclosure through a warrant by a "court of competent jurisdiction. § 934.23(4), Fla. Stat. (2017). In subsection (1), buried in a paragraph discussing the disclosure of the contents of a wire or electronic communication, the statute states: "the term 'a court of competent jurisdiction' means a court that has jurisdiction over the investigation or that is otherwise authorized by law." § 934.23(1) (emphasis added). As Gutierrez's investigation was being conducted in Jacksonville, this would purport to give the state judges authority to issue the warrants. Cf. United States v. Berkos, 543 F.3d 392, 398

(7th Cir. 2008) (upholding the validity of a warrant issued under an older version of 18 U.S.C. § 2703(a) which required "a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant.").

The Court sees no need to venture further into the quagmire of tracking devices, the SCA, and jurisdictional authority to issue warrants because even if the warrants were issued contrary to law, the good faith exception applies. See Leon, 468 U.S. at 913. "[T]he exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." Davis v. United States, 564 U.S. 229, 239 (2011) (quoting Leon, 468 U.S. at 922). The good faith exception applies in all but four situations:

> (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role . . .; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where . . . a warrant is so facially deficient [in describing the place to be searched]. . . that the executing officers cannot reasonably presume it to be valid.

United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002).

None of these situations apply here. See Martin, 297 F.3d at 1313. The warrants contained ample probable cause and were duly issued by state judges. Law enforcement was entitled to rely upon them. Although Gutierrez claims that the Ping Orders were "null and void" because they were issued ultra vires,

(Doc. 111 at 3), the good faith exception can apply to warrants issued <u>ab initio</u>, <u>see, e.g.</u>, <u>United States v. Horton</u>, 863 F.3d 1041, 1050 (8th Cir. 2017) (holding that the "good faith" exception applied to a warrant issued outside of a Magistrate Judge's jurisdiction), <u>cert. denied,</u> 138 S. Ct. 1440 (2018); <u>United States v. Barnes</u>, No. 3:15-CR-112-J-39PDB, 2017 WL 10296873, at *18 (M.D. Fla. May 8, 2017), <u>report and recommendation adopted as modified</u> <u>United States v. Barnes</u>, No. 3:15-CR-112-J-39PDB, 2017 WL 10296872 (M.D. Fla. Sept. 1, 2017). Even assuming, <u>arguendo</u>, that the warrants were issued improperly, the conflicting case law on the issue would lead a law enforcement officer to reasonably believe that the warrant was issued appropriately. As there is no law enforcement wrongdoing to deter, suppression is not warranted.[2] <u>See</u> <u>Davis</u>, 564 U.S. at 236–38 (explaining that suppression is a "last resort" to be used only when "the deterrence benefits of suppression . . . outweigh its heavy costs.").

Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 108) and above, it is hereby

---

[2] Defendant's weak effort to rely upon <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) is unavailing. As the magistrate judge found, Defendant did not properly follow the <u>Franks</u> methodology. <u>Id.</u> at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.").

**ORDERED:**

1. Defendant's Amended Objections to Report and Recommendation, (Doc. 111), are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 108), as modified above, is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress Evidence, Observations and Statements (Doc. 43) is **DENIED**.

4. This case continues to be governed by the Order Scheduling Trial, (Doc. 109), and the additional deadlines set by the Court, (Doc. 130). Trial begins on **November 26, 2018**. The plea agreement deadline is **November 19, 2018**.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Honorable Monte C. Richardson,
United States Magistrate Judge
Julie Hackenberry, AUSA
Ray E. Dunn, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service

Defendant